UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT L. LOAEC 2014 TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROMONA A. DOHENY,<br><br>Defendant. | Case No. 19-cv-02078-NC<br><br>**ORDER TO SHOW CAUSE RE: STATEMENT NOTING DEATH AND WHETHER THE CASE SHOULD BE STAYED OR DISMISSED** |

On August 16, 2019, the Court ordered plaintiffs Gilbert L. Loaec 2014 Trust ("Trust"), Gilbert L. Loaec, and Yvonne Loaec-Russ[1] to proffer evidence that Yvonne was the trustee of the Trust and was authorized to act as the attorney-in-fact for Loaec. *See* Dkt. No. 23. Plaintiffs responded on August 23, 2019. *See* Dkt. No. 24. In her response, Yvonne asserted that Loaec passed away on June 5, 2019, two months after Plaintiffs filed their complaint. *Id.* ¶ 5.

Under Federal Rule of Civil Procedure 25(a)(2), when a party dies, "[t]he death should be noted on the record." The decedent's successor or representative must then move to substitute the deceased party "within 90 days after service of a statement noting the death, [or] the action by . . . the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

---
[1] As with the Court's prior order, the Court will refer to Yvonne Loaec-Russ by her first name for brevity and clarity.

1 Plaintiffs have not filed a statement noting death nor have they moved to substitute the proper party. Accordingly, the Court ORDERS Plaintiffs to file a statement noting Loaec's death by **August 30, 2019**. If Plaintiffs believe that Loaec's claim is not extinguished by his death, they must file a motion to substitute the proper party by **August 30, 2019**, or the Court will dismiss Loaec and Yvonne in her capacity as Loaec's attorney-in-fact. *See* Fed. R. Civ. P. 25(a)(1). Plaintiffs must serve that notice and the motion to substitute, if any, on defendant Romona A. Doheny and any interested parties. *See* Fed. R. Civ. P. 25(a)(3).

Because this lawsuit essentially seeks to adjudicate the parties' interest in what is now Loaec's estate, it appears that the probate exception to federal subject matter jurisdiction may apply. *See Gonclaves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) ("In sum, the probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court.") Accordingly, the Court ORDERS the parties to meet and confer and file a joint status report by **September 6, 2019**, addressing whether the Court should stay or dismiss this lawsuit. The Court will not rule on the pending motion to dismiss (Dkt. No. 15) until the jurisdictional questions are clarified.

This order discharges the August 16, 2019, order to show cause. *See* Dkt. No. 23. Doheny does not need to respond to that order.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge